**HAMPTONS LOCATIONS, INC. and Nancy Grigor, Plaintiffs–Counter–Defendants–Appellees,**

v.

**Darrell RUBENS, individually, and d/b/a Hampton Locations, Defendant–Counterclaimant–Appellant,**

\* The Honorable Mark R. Kravitz, of the United States District Court for the District of Con-

**Richard Rubens and Barbara Rubens, each individually and d/b/a Hampton Locations, Defendants–Counterclaimants.**

No. 07–0486–cv.

United States Court of Appeals, Second Circuit.

Feb. 5, 2010.

Michael B. Ronemus, Ronemus & Vilensky, New York, NY, for appellant.

Patricia A. Weiss, Law Office of Patricia A. Weiss, Esq., Sag Harbor, NY, for appellees.

PRESENT: RICHARD C. WESLEY, GERARD E. LYNCH, Circuit Judges, MARK R. KRAVITZ,\* District Judge.

### SUMMARY ORDER

Appellant Darrell Rubens appeals, *inter alia,* from an order by the United States District Court for the Eastern District of New York (Hurley, *J.*) on January 30, 2007, entering judgment on a jury verdict. Appellants Darrell Rubens, Barbara Rubens, and Richard Rubens appeal an order dismissing their counterclaims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

At the outset, appellees argue that we lack jurisdiction over the appeal of Bar-

necticut, sitting by designation.

bara and Richard Rubens from the dismissal of their counterclaims, which appellees claim was untimely filed. Final judgment was not entered as to Barbara and Richard Rubens until the conclusion of the trial, on January 30, 2007. *See* Fed.R.Civ.P. 54(b). Under Federal Rule of Civil Procedure 4(a)(4)(A)(i), the filing of a Rule 50(b) motion by any party extends the time for *all* parties to file a notice of appeal until 30 days after disposition of that motion. As Darrell filed such a motion—not decided until June 4, 2009—the filing of a notice of appeal by Barbara and Richard on June 23, 2009 was timely. We have considered and rejected appellees' more technical objections to the notice of appeal. On the merits, the appeal fails. The district court did not err when it dismissed the Rubens' counterclaims, as those claims were baseless as a matter of law.

As for Darrell Rubens's appeal, there was sufficient evidence for a reasonable jury to conclude that Darrell Rubens violated § 1125(d) of the Lanham Act. Darrell repeats to us his argument to the district court that the Hamptons Locations mark should have been held generic as a matter of law. The district court did not err in rejecting this argument.

We AFFIRM.